IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-173-Z-BQ |
| SCOTT BRUMLEY, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Kurt Duane Williams filed this action on June 24, 2019. Construed liberally, Williams's Complaint alleges violations of his constitutional right to travel, purportedly caused by a state prosecution in Potter County, Texas, though he specifically does not bring a claim under 42 U.S.C. § 1983. *See* ECF No. 1. Williams seeks monetary damages and an order from this Court dismissing the state charges against him. Compl. 11–12, ECF No. 1.[1]

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed Williams's Complaint and, after carefully considering the Complaint's allegations, recommends that the District Court dismiss Williams's claims without prejudice due to a lack of subject matter jurisdiction.

---

[1] Page citations to Williams's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

1

## I.    <u>Standard of Review</u>

Because federal courts "are courts of limited jurisdiction," they "lack the power to adjudicate claims" absent jurisdiction conferred by statute. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Where it appears that jurisdiction is lacking, it is "incumbent on all federal courts to dismiss" the action. *Tex. v. Travis Cty.*, 910 F.3d 809, 811 (5th Cir. 2018) (quoting *Stockman*, 138 F.3d at 151); *see also* Fed. R. Civ. P. 12(h)(3) (stating that a court must dismiss action if it "determines at any time that it lacks subject-matter jurisdiction").

The burden of establishing jurisdiction lies with the party seeking to invoke the federal forum, and a court "must presume" the suit lies outside its limited grant of jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

In determining whether jurisdiction exists, the court may consider the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). Where the court accepts as true a plaintiff's allegations in evaluating its jurisdiction, and does not consider evidentiary materials outside the pleading, this constitutes a facial review for purposes of determining subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (explaining that under facial, as opposed to factual, analysis, the court accepts as true complaint's allegations to determine whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction").

## II. **Background**

Williams's Complaint is separated into three parts. The first section is a letter[2] dated March 13, 2019, addressed to Potter County Court at Law #2, Judge Hand, Potter County Attorney Scott Brumley, and County Clerk Julie Smith. Compl. 2–6. The second part of the Complaint asks this Court to exercise federal question subject matter jurisdiction over "this case." *Id.* at 7–10. The third and final component of Williams's Complaint is titled "Remedy," and it summarizes his monetary and equitable demands. *Id.* at 11–12. Williams also attached three exhibits to his Complaint (ECF No. 1-1) and more recently filed a document titled "Attachment" (ECF No. 12), which discusses further alleged wrongs by Judge Hand and makes more demands for relief.

### A. Complaint, Part One

Part one of the Complaint is a letter dated March 13, 2019, concerning "Case No. CCCR-18-484-2" and "Civil No. CCBF-18-88-2". *Id.* at 2. In this letter, Williams demands that "Judge Hand, County Attorney Scott Brumley, and County Clerk Julie Smith" dismiss with prejudice case number CCCR-18-484-2 and "issue [him] a full compensation on [his] demands twice for double jeopardy within ten business days after receipt of this document." *Id.* After making these demands, the letter—which Williams begins describing as a "brief in support of notice for dismissal with prejudice for lack of jurisdiction"—transitions to legal argument. Williams claims:

> The forgotten legal Maxim is that free people have a right to travel on the roads, which is provided by their servants for that purpose. Using ordinary transportation for the day, licensing cannot be required of free people, because taking on the restrictions of a license, requires the surrender of a right. The drivers license can be required of people who use the highways for trade, commerce, or hire; that is, if they earn their living on the road, and if they use extraordinary machines on the roads. If I am not using the highways for profit, I cannot be required to have a driver's license.

---

[2] Though labeled a "Verified Complaint," there is no indication that Williams filed this document as a complaint in state court or attested under oath to its veracity. Compl. 2.

*Id.* at 3. Thereafter, Williams cites to various cases, laws, definitions, and constitutional provisions (*Id.* at 3–4) before stating:

> Because I am standing on my rights, the State cannot require me to give a right for a privilege, I am one of the people whom the State serves. The State has no delegation of authority to convert my rights into privileges or licenses. The right to travel is a part of liberty, of which a citizen cannot be deprived of, without due process of law under the protection of the Fourth Amendment.

*Id.* at 4–5. Williams then provides a list of demands he seeks as a remedy for the wrongs committed against him (*Id.* at 5) and concludes his letter:

> If there is no response within ten business days of receiving this document, I will pursue under Title 18, U.S.C., Section 242. Also, I will proceed under 42 U.S.C.A. Section 1985 paragraph 3-Known as the Conspiracy Theory Statute, as well as 28 U.S. Code, Section 454-Practice of Law by Justices and Judges. Last, but not least, 42 U.S. Code Section 1983-Civil Action for Depravation [sic] of Rights, PL 96-170-H.R.3343.

*Id.* at 6.

### B. Complaint, Part Two

Part two of Williams's Complaint is directed at this Court and relates to the March 13 letter. *Id.* at 7–10. Williams indicates that he wants to "insert a federal question jurisdiction to the court, as [he] did in [his] compliant [sic] on March 13, 2019[,] to COUNTY COURT AT LAW #2, AMARILLO, TX. I plea to the court that this case is a case that I would like to have the court exercise subject matter jurisdiction." *Id.* at 7. Williams later asks the Court to "issue a writ of quo warranto" under 28 U.S.C. § 1651 showing "evidence of authority to hold proceedings to COUNTY COURT AT LAW #2-Judge Matthew Hand, and prosecutor Scott Brumley, concluding in the deprivation of life, liberty, [and] property without the seventh amendment guarantee to a trial by jury in all controversies of $20 or more." *Id.* at 8. Williams also asks the Court for "a motion for discovery of the search warrant in this case," "a motion of this case for the orders to appear/commands, which are false documents," to add "COUNTY COURT AT LAW WISE

COUNTY TEXAS to this complaint," and "a motion of discovery for [] cause number" CR64619. *Id.* at 8, 10. Williams again incorporates numerous citations to various cases concerning the use of public highways and the right to travel. *Id.* at 9.

### C. Complaint, Part Three

Part three of Williams's Complaint is titled "Remedy." *Id.* at 11. It outlines Williams's demands in the event this Court exercises federal question jurisdiction and he prevails. Specifically, Williams seeks:

> A dismissal with prejudice, for every fictitious order to appear/command, for 8 days jail time on this matter, and for double jeopardy stated in the Fifth Amendment. I demand 33.3 million dollars in U.S. Federal Reserve Notes and for standard lawyer's fee for 8 months 333 thousand dollars in U.S. Federal Reserve Notes. Amarilo police department Chief Ed Drain for their participation in the matter, for false imprisonment I demand one million dollars on this matter. I would also like to add Potter County Detention Center one million dollars in U.S. Federal Reserve Notes, also Randall County Detention Center for intervening in this matter.
>
> Last but not least, I demand WISE COUNTY COURT AT LAW one million dollars in U.S. Federal Reserve Notes as well as $800,000 for lawyer's fees. I am also out on bond with Savior Bail Bonds of Amarillo, TX for $1,000. I demand $150,000 for the fictitious bond in U.S. Federal Reserve Notes. After Presenting various evidences to the court, if my demands are not met by any party, I will pursue under 42 U.S.C., subsection 1983. Pub. L. 96-170-H.R. 3343.
>
> I would also like to plea to the mercy of the court, to insert Article 45. 201 (d) of the code of criminal procedure.

*Id.* at 11–12.

### D. Complaint, Attachments

Williams also attached three documents to his Complaint. Compl. Ex., at 1–4, ECF No. 1-1. The first is a letter from Potter County Court at Law No. 2, addressed to Williams and Scott Brumley, indicating that a document from Williams titled "Notice of Demand Writ Quo Warranto" would be construed as a motion to dismiss the charges against Williams for lack of jurisdiction. *Id.* at 1. The second is a motion to compel the taking of Williams's fingerprints, filed in Cause

5

No. CCCR-18-484-2. *Id.* at 2. And the third document is a superseding information in Cause No. CCCR-18-484-2 charging Williams with two counts of "unlawfully operat[ing] a motor vehicle on a public highway while [his] driver's license or privilege was suspended." *Id.* at 3–4.

### E. Attachment

On September 30, 2019, Williams filed an "Attachment" (ECF No. 12), which summarizes more wrongs he believes Judge Hand committed in his state case and sets out various legal arguments. ECF No. 12, at 1–2. It also makes additional demands:

> [A]n additional $3 million each from County Court At Law #2, Judge Hand and Potter County Detention Center for the incident on July 2nd, 2019, and a dismissal for the two parking citations from the City of Amarillo Municipal Court because I was not supposed to be at court on that day, I was coerced by Judge Matthew Hand. I would also like to demand a reversal of the bond in its full amount because it has been proven that I have sat the charge out under coercion [sic] and given time served for the matter. I would also like the court to grant me a reinstatement for license number 11240860 Texas, because I feel that it was taken unjustly, and with the barcode reading-"Do Not Detain unless wanted for a notorious or infamous crime". [sic] This completes my list of demands. Upon the court's decision, I would like to receive [sic] my compensation within 10 business days.

*Id.* at 3. Williams included in this "Attachment" the following documents: (1) a property receipt from Potter County Sheriff's Office; (2) a Bill of Cost in Cause No. CCCR-18-484-2; (3) a certified document showing the disposition of two parking tickets issued on July 2, 2019; and (4) a Notice of Nonsuit concerning "No. CCBF-18-88-2"—and possibly "Criminal # CCCR-18-484-2"—dated August 2, 2019. *Id.* at 5–9.

### III.   Discussion

#### A. Williams's Complaint

Before the Court can analyze the merits of Williams's Complaint, the Court must first determine what Williams asks the Court to do. Upon thorough examination of the Complaint, the Court concludes that Williams asks this Court to exercise subject matter jurisdiction—in the form

of federal question jurisdiction—over "this case." Compl. 7. "This case" apparently refers to Williams's then-pending state court criminal case (Case No. CCCR-18-484-2) rather than this particular Complaint and any claims associated with it. The Court reaches this conclusion for two key reasons.

First, the complete absence of *any* readily identifiable cause of action in Williams's Complaint leads to the conclusion his aim is for this Court to exercise jurisdiction over the state court proceeding. Though Williams makes demands for monetary compensation and seems to allege that his constitutional rights are being violated, he explicitly states he wishes to raise a claim under 42 U.S.C. §§ 1983 or 1985 only if his demands are not met. *See id.* at 10, 12 ("If my demands are not met, I would like to pursue this case under . . . 42 U.S.C.A., subsection 1985 paragraph 3, known as the conspiracy theory statute"; "After presenting various evidences to the court, if my demands are not met by any party, I will pursue under 42 U.S.C., subsection 1983."). In other words, Williams's Complaint rejects the notion that he *is* bringing claims under §§ 1983 or 1985 by indicating that he *will* do so if his demands are not met. The Court will not construe Williams's Complaint as bringing § 1983 claims at this time. To do so would require this Court to address issues not yet before it and potentially strip Williams of an opportunity to properly plead a § 1983 claim in a separate proceeding.[3]

Second, Williams's Complaint primarily raises arguments concerning the United States Constitution's provision regarding the right to travel and the power of states to require drivers

---

[3] Even if the Court liberally construed Williams's Complaint as actually attempting to assert a § 1983 claim, such a construction would not alter the Court's analysis given the remedies sought by Williams. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (holding that federal courts must dismiss § 1983 claims if the plaintiff's underlying conviction would necessarily be ruled invalid if he prevailed); *see also Wallace v. Kato*, 549 U.S. 384, 393–94 (allowing courts to stay proceedings for § 1983 claims based on false arrest allegations when the associated state court case remains pending); *see also Younger v. Harris*, 401 U.S. 37, 41, 45 (1971) (generally prohibiting federal courts from intervening in pending state court criminal proceedings except in exceptional circumstances).

licenses for those driving on public highways; Williams's state court criminal case involves charges of "unlawfully operat[ing] a motor vehicle on a public highway while [his] driver's license or privilege was suspended."[4] Compl. Ex., at 3–4. Williams's demands are similarly revealing. He wants: (1) a "writ of quo warranto," which concerns the authority of an official to hold office,[5] regarding the authority of Judge Matthew Hand and prosecutor Scott Brumley; (2) discovery of the search warrant in "this case"; (3) discovery for "the case, for the plea hearing on June the 4th 2019"; (4) discovery for "the orders to appear/commands, which are false documents"; (5) discovery "for the court reporter's records of June the 4th 2019"; (6) the recusal of Judge Matthew Hand and prosecutor Scott Brumley; and (7) "dismissal with prejudice." Compl. 8, 10–11. Except for his monetary demands, everything Williams seeks relates directly to the state court criminal case and reflects an attempt to litigate the merits of that case in this Court.

Looking at the whole of Williams's Complaint, the Court concludes that Williams basically asks this Court to exercise federal question subject matter jurisdiction and take over his state court criminal proceeding, Case No. CCCR-18-484-2.

### B. Legal Analysis

Initially, the Court notes that factual claims founded upon fantastic or delusional scenarios, and legal claims based on indisputably meritless theories, are frivolous and must be dismissed under 28 U.S.C. § 1915(e)(1). *See Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992) (quoting *Neitzke*, 490 U.S. 319, 328 (1989)). The undersigned finds that the Court could dismiss Williams's

---

[4] This Court understands there to have been two state court proceedings—the referenced criminal case and Civil No. CCBF-18-88-2. Compl. 2, 7. Williams does not raise any issue related to the civil case except to vaguely argue that the criminal case creates a double jeopardy problem in light of the civil case. *Id.* at 2, 9.

[5] In Texas, such actions must be brought by the Attorney General, county, or district attorney in the name of the State of Texas, and individuals have no standing to bring such claims. *Martin v. Perkins*, No. 03-18-000799-CV, 2019 WL 3786566, at *2 (Tex. App.—Austin 2019, no pet.) (mem. op.) (citing *Orix Capital Mkts., LLC v. Am. Realty Tr., Inc.*, 356 S.W.3d 748, 754 (Tex. App.—Dallas 2011, pet. denied)).

Complaint based on its disjointed and confusing allegations. Liberally construing Williams's Complaint as best it can, however, the Court will examine Williams's request that this Court exercise subject matter jurisdiction over his state court criminal case.

Article III of the United States Constitution provides federal courts with original jurisdiction to hear only limited types of cases and controversies. *See* U.S. CONST. art. III, § 2. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider," and that power extends to determining "when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). Federal courts "cannot act without authority from Congress or the Constitution." *La. Real Estate Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 394 (5th Cir. 2019) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree."). As a result, this Court cannot exercise subject matter jurisdiction over Williams's state court criminal case unless Congress has granted federal courts the authority to exercise their jurisdiction over pending state court criminal cases.

Within the context of the relief sought herein by Williams, Congress has authorized the removal to federal court certain pending state criminal prosecutions that the removing party contends violates his constitutional rights. *See* 28 U.S.C. § 1443. Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

9

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To remove a case under § 1443, the removing party must satisfy a two-prong test. *Williams v. Miss.*, 608 F.3d 1021, 1022 (5th Cir. 1979); *see also Williams v. 363rd Judicial Dist. Ct.*, No. 3-03-0900-D, 2003 WL 21394575, at *1 (N.D. Tex. May 2, 2003), *adopted by* 2003 WL 21445314 (N.D. Tex. June 17, 2003). "First, it must appear the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Miss.*, 421 U.S. 213, 219 (1975) (internal quotation marks omitted). In other words, claims that a prosecution and conviction would violate constitutional or statutory rights generally applicable to everyone will not satisfy the first prong. *Id.* "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Id.* (internal quotation marks omitted). Such denials must normally manifest themselves as a formal expression of state law, rather than a denial that arises during trial. *Id.*

As discussed above, Williams's Complaint asks this Court to exercise federal question subject matter jurisdiction over his state court criminal case. But the right he claims Defendants have violated, by pursuing the state criminal charges against him, is the constitutional right to travel. That right is one of general applicability, rather than one guaranteeing racial equality, and therefore negates Williams's ability to satisfy the first prong for § 1443 removal. For this reason, the Court cannot exercise subject matter jurisdiction over Williams's state court prosecution, and the Court cannot grant the relief Williams seeks in his Complaint.[6]

---

[6] Notably, Williams did not request that this Court enjoin Defendants from pursuing the state court criminal case. The Court could not grant such an injunction even if it were requested. In *Younger*, the Supreme Court recognized "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "*Younger*

10

The Court also notes that Williams's Complaint, and the remedy he seeks, may have been rendered moot by the Notice of Nonsuit included in Williams's "Attachment" filed on September 30, 2019. ECF No. 12, at 8. Due to the formatting of the case caption, it is not wholly clear that the Notice of Nonsuit applies to Williams's criminal case; however, if it does, Williams's Complaint is moot because there is no criminal case over which this Court could exercise subject matter jurisdiction.

## IV.    Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DISMISS without prejudice** Williams's Complaint for lack of subject matter jurisdiction.

## V.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). *Younger* precludes federal courts from intruding upon state criminal prosecutions unless exceptional circumstances justify the intrusion. *United States v. Esposito*, 371 F. Supp. 3d 288, 299 (M.D. La. 2019) (quoting *Sprint Commc'ns*, 571 U.S. at 72). The *Younger* abstention doctrine applies when: "(1) The federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (internal quotation marks omitted). Had Williams sought an injunction, all three elements would apply, and the undersigned would recommend abstaining pursuant to *Younger*.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 31, 2019

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**