IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KURT DUANE WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-173-Z-BQ |
| SCOTT BRUMLEY, *et al.*, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 19, 2019, the Court adopted the undersigned's Findings, Conclusions, and Recommendation that pro se Plaintiff Kurt Duane Williams's Complaint, and all claims therein, should be dismissed. ECF No. 14. The Court entered an order dismissing Williams's Complaint, without prejudice, and a final Judgment. ECF Nos. 14, 15. Now before the Court are two documents filed by Williams on July 22 and 27, 2020. ECF Nos. 16, 17.

The first is titled "Attachment" and "Request: Court Order," which appears to demand the filing of a "UCC-1 lien" against Defendants, as well as a "lien" against their "commercial and treasury bank accounts." ECF No. 16. Williams claims to "bind the spirit of injustice, all states [sic] statutes and ordinances, the demon of deception and accusation" against his rights, and to further "loose into this situation a spirit of justice for trespasses" against his rights. *Id.*

Williams's second filing is titled "Attachment" and "Re: Motion for Summary Judgement." ECF No. 17. In this motion, Williams "request[s] the Honorable Judge to make a decision on the case without going through any further proceedings." *Id.* at 1. He also states that because he "presented various cases on my right to travel/movement, there is no dispute about the material

1

facts and precedent cases aforementioned in this case," and he is therefore "entitled to a judgment." *Id.* at 1–2.

## I. Discussion

As noted above, this Court entered judgment against Williams on December 19, 2019. ECF No. 15. Based on his filings, it is not clear whether Williams understands that his claims have been dismissed. Nevertheless, the undersigned broadly construes his filings as motions for reconsideration under both Rule 59(e) and Rule 60(b).[1] In either event, the motions should be dismissed as untimely.

Rule 59(e) states that "[a] motion to alter or amend judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The federal rules of civil procedure prohibit courts from extending this period. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . [59(e)] . . . ."). As such, to the extent the motions would be construed as motions to alter or amend the judgment under Rule 59(e), they must be dismissed. The Court may, however, construe Williams's filings as motions brought under Federal Rule of Civil Procedure 60(b). *Shepherd*, 372 F.3d at 328 n.1.

Rule 60(c) permits the filing of a motion under Rule 60(b), so long as it is filed "within a reasonable time" (Fed. R. Civ. P. 60(c)), "unless good cause can be shown for the delay." *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017). "When the moving party has failed to appeal and the bases for relief were known within the time to appeal, the usual time period for direct appeal presumptively delimits, as a matter of law, the reasonable time contemplated by Rule 60(c)." *Glenn v. Davis*, Civil Action No. 3:14-CV-3403-D, 2020 WL 109688, at *1 (N.D. Tex. Jan. 9,

---

[1] "While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)

2

2020) (internal brackets and quotation marks omitted)); *see also Groden v. Allen*, Civil Action No. 3:03-CV-1685-D, 2009 WL 1437834, at *6–7 (N.D. Tex. May 22, 2009) (adopting recommendation that filing Rule 60(b) motion outside of time to file appeal, without good cause for delay, rendered motion untimely).

In this case, the Court entered Judgment on December 19, 2019. ECF No. 15. Williams had thirty days from that date to appeal the Court's decision to dismiss his claims for lack of subject matter jurisdiction. Fed. R. App. P. 4(a)(1)(A). Williams did not submit these purported motions to reconsider until July 22 and 27, 2020, almost 180 days after the deadline to file an appeal. ECF Nos. 16, 17. Williams has provided no justification for the delay, and his filings do no more than re-state the positions he took in his Complaint. As such, the Court should find that his motions are untimely under Rule 60(c). "Because the courts need not consider the merits of an untimely Rule 60(b) motion" (*Groden*, 2009 WL 1437834, at *7), the Court should deny Williams's motions.

Alternatively, even if the Court considers the Rule 60(b) motions on their merits, denial would still be appropriate. "Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding." *Jenkins v. LaSalle Sw. Corr.*, No. 3:17-cv-1376-M-BN, 2020 WL 2106355, at *4 (N.D. Tex. Jan. 28, 2020). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs.*, Civil Action No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015). "A district court does not abuse its discretion by denying a Rule 60(b) motion wherein the movant merely rehashes his prior arguments without making a showing that his request for reconsideration is based on one of the statutory grounds." *Alfred v. Allen Corr. Ctr.*, 317 F. App'x 420, 421 (5th Cir. 2009) (citing *In re Colley*, 814 F.2d 1008, 1010–11 (5th Cir. 1987)).

Here, Williams has, at best, simply revisited the arguments previously raised in his Complaint. *See* ECF No. 17, at 1–2 (stating that he "presented various cases on [his] right to travel/movement, there is no dispute about the material facts and precedent cases aforementioned in this case," and he is therefore "entitled to a judgment"). As such, the Court should deny his motions under Rule 60(b).

## II.     Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Williams' motions to reconsider the dismissal of his Complaint.

## III.     Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 29, 2020

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE